NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLEE, v. ERNEST BERSICK, DEFENDANT-APPELLANT.

Submitted May 28, 1937—Decided September 22, 1937.

For the plaintiff-appellee, *Charles A. Rooney.*

For the defendant-appellant, *M. Metz Cohn.*

The opinion of the court was delivered by

WOLFSKEIL, J.  This is an appeal by Ernest Bersick, a defendant in the original suit, who filed a counter-claim against the defendant Inter City Transportation Company from a judgment in favor of the latter.

The state of the case is unsuitable and most improper. There is no judgment, only a *postea* and an order amending a judgment said to have been erroneously entered.  The only pleadings printed are the counter-claim, answer and reply thereto, and the book generally is reduced to so small a compass as to be almost unintelligible.  The appeal really should be dismissed but instead we have decided to dispose of the

case on what there is before us, meager though it be. From that it appears that the New Jersey Manufacturers Casualty Insurance Company sued various persons. Among them was Ernest Bersick, who had been employed by the Lazzara Baking Company, which was insured by the New Jersey Manufacturers Casualty Insurance Company.

Bersick had been severely injured as the result of being struck by a bus owned by the Inter City Transportation Company, one of the defendants. He answered the suit of the New Jersey Manufacturers Casualty Insurance Company, which we assume was an action to recover excessive compensation which he was alleged to have received as a result of the injuries sustained by him, although the papers are not in the record. At all events the whole action was terminated except as to the counter-claim. Bersick had settled with the Inter City Transportation Company and sought a recovery on a release which he had given that company and which was signed solely by himself. The release, which is printed in the state of the case as *Exhibit P-1,* is in the sum of $1,200 and recites:

"It is further agreed under the terms of this release that the said Inter City Transportation Co., a corporation of the State of New Jersey, will defend and indemnify the said Ernest Bersick from any and all claims or suits which may be instituted against him by the New Jersey Manufacturers' Casualty Insurance Company, which has paid him the hospital, medical and other expenses under the Compensation Insurance Policy carried by the employer of said Ernest Bersick, the Lazzara Baking Co., Inc., it being the express understanding between the parties hereto that the terms of settlement include the consideration enumerated above together with any amounts hereinbefore paid or to be paid to the said Ernest Bersick as compensation."

The consideration mentioned seems to have been paid, but we are at a loss to know by what legerdemain the Inter City Transportation Company is supposed to be liable to Bersick. If it is for the purpose of recovering moneys which should have been paid by somebody else then there is no basis for

the action because there is nothing in the case which indicates that the Inter City Transportation Company obligated itself in any manner to answer for the debt, default or miscarriage of another. If there is a balance due as is claimed by appellant of $872.40 as compensation from his employer, the recovery should be against the employer or whoever is legally liable to answer for the default. To obligate a corporation upon a contract, it must be proven that the contract was the act of the corporation, either by corporate action, the act of an authorized agent, or by adoption and ratification. *Aerial League of America* v. *Aircraft, &c., Corp.,* 97 *N. J. L.* 531; *Horner* v. *Georgia Casualty Co.,* 100 *Id.* 347. As a matter of fact the proof at the trial was to the effect that there was no such agency and in the absence of express proof of authority there could be no other determination than that no agency existed.

The appeal is directed to the findings of the court and is based upon six grounds, the fifth of which, however, is not argued. The first, fourth and sixth grounds allege error in the court's refusal to find agency either directly or through ratification by some person or corporation to act for the Inter City Transportation Company. There was no allegation to that effect in the counter-claim. That pleading merely charges that the Inter-City Transportation Company agreed to indemnify Bersick for hospital, medical and other expenses under the compensation insurance policy carried by the employer, the Lazzara Baking Company.

The second ground of appeal is that the court erred in finding that the contract was one of guarantee and void under the statute of frauds. In this connection it is to be noted that the portion of the finding of the court, to which appellant objects, does not appear in the state of the case. However, considering the legal effect of the instrument (*Exhibit P-1*), it is apparently an attempt between claimant and the representative of the insurance carrier to create an obligation in the Inter City Transportation Company binding it to guarantee that the Lazzara Baking Company and the New Jersey Manufacturers Casualty Insurance Company, employer and

insurance carrier respectively of the claimant, will pay to the claimant compensation which the employer and carrier were required to pay under the terms of the Workmen's Compensation act. Surely, no other meaning can be taken from this contract than that it is one of guarantee. Its terms import solely that of guarantee, and by the express language of the statute of frauds, it is unenforceable as against the Inter City Transportation Company, not having been signed by it or its duly authorized agent for that purpose. 2 *Comp. Stat.* 1910, *p.* 2612.

The third ground of appeal is based upon the allegation that the court erred in its failure to render a judgment in favor of Bersick and against the defendant. No reviewable question is here presented and it has been repeatedly held that this is not a legal ground of appeal. *Cohn* v. *Passaic National Bank and Trust Co.*, 109 *N. J. L.* 449; *Wirth* v. *Essex Amusement Corp.*, 115 *N. J. L.* 228.

The judgment is affirmed, with costs.

*For reversal*—None.